[L. A. No. 6607. In Bank.—June 28, 1921.]

## JOHN HUDDART et al., Respondents, v. J. A. McGIRK et al., Appellants.

[1] BOUNDARIES—AGREED LINE—UNCERTAINTY AS TO TRUE LINE.—A necessary element in any valid agreement between adjoining owners fixing the boundary line between them as other than the true line is the existence of a dispute or uncertainty as to the location of the true line.

[2] ID.—LOCATION OF TRUE LINE—MISTAKEN UNDERSTANDING—OWNERS NOT CONCLUDED.—Adjoining owners are not bound by their mistaken understanding as to the location of the true line between them.

[3] ID.—ACQUIESCENCE IN MISTAKEN BOUNDARY—INSUFFICIENCY TO ESTABLISH LINE.—Mere acquiescence in what adjoining owners mistakenly believed to be the true line without any notion on their part of fixing a disputed or uncertain boundary does not amount to an agreement fixing a disputed or uncertain boundary line.

APPEAL from a judgment of the Superior Court of Los Angeles County. Louis W. Myers, Judge. Affirmed.

---

1. Settlement of disputed boundary by an express or implied agreement, notes, 69 Am. Dec. 711; 27 Am. Dec. 121.

2. Effect of possession taken and held beyond boundary through mistake or ignorance, notes, 24 Am. St. Rep. 388; 15 Ann. Cas. 827; Ann. Cas. 1912A, 450.

3. Location of boundaries by acquiescence, notes, 69 Am. Dec. 711; 27 Am. Rep. 239.

The facts are stated in the opinion of the court.

John E. Daly and James H. Daly for Appellants.

A. Guard Hill for Respondents.

OLNEY, J.—The parties to the action may be considered as a single plaintiff and a single defendant. The action is one of ejectment; the plaintiff secured judgment after trial, and the defendant appeals.

The plaintiff and defendant are the owners of adjoining tracts of land, and the dispute is as to the proper boundary line between them. The two tracts were once a single parcel, of which the plaintiff's land is the eastern half and the defendant's the western. The tracts were conveyed by the original owner of the entire parcel by descriptions by metes and bounds, and the plaintiff claims that the boundary line is that located by survey according to the calls of these descriptions. The defendant claims that the boundary is a line some thirty feet to the east, marked for a portion of the way by a ditch. The distance between the two lines is some thirty feet.

Since the boundary line as the plaintiff claims it to be is the line as determined by the calls in the respective deeds under which the parties hold, it is evident that that line is the correct line unless the defendant was able to show that in some valid manner a different line had been determined upon. The finding of the court was against any such determination, and unless the evidence unmistakably shows that such a determination was nevertheless had, the judgment must be affirmed.

There was no fence between the properties nor any other thing whose apparent purpose would be to separate the two tracts, nor was there originally any fixing or marking of the boundary. The defendant relies upon subsequent agreements between himself and the then owners of the plaintiff's tract fixing the ditch line and the continuation of it as the boundary line. He testifies to four conversations between himself and different owners of the plaintiff's tract, which might be claimed to amount to agreements of this character. These conversations were respectively with one Foreman, one Roberts, one Saylin, and the plaintiff himself. His tes-

timony as to the conversations with Foreman and the plaintiff was flatly contradicted by them. His testimony as to the conversation with Saylin is uncorroborated and was not of such a character that we cannot say the court was not justified in disbelieving it. His testimony as to the conversation with Roberts is corroborated by the testimony of the latter, but here again the testimony of both the defendant and Roberts is not of such a character as absolutely to require the court to give full credence to it. Furthermore, it is very doubtful if any of the conversations as testified to, with the possible exception of that with Foreman, can be said to amount to agreements fixing a boundary line as to which there was a dispute, or as to whose true location the parties were in doubt. [1] This was a necessary element in any valid agreement fixing the line as other than the true line. The conversations hardly amounted to more than statements that each party understood the ditch line to be the true line. [2] This is a very different thing from fixing a disputed or doubtful boundary, and if in fact the understanding of the parties as to the location of the true line was in error, they are not bound by their mistaken understanding. (*Clapp* v. *Churchill,* 164 Cal. 741, [130 Pac. 1061].)

There was also testimony by former owners of the plaintiff's property that they supposed the ditch was on the line or about on the line, and by one at least of such former owners that he had told a purchaser that the ditch was the line or on the line. But it was wholly immaterial what former owners of the plaintiff's tract believed as to the location of the line, or what they told those who had purchased or were purchasing from them. The boundary could neither be shifted nor fixed by their belief or by their statements to those in privity with themselves. It could be shifted only in the manner prescribed for the transfer of interests in real property, and it could be fixed, in case its true location was in dispute or not known, only by agreement with the then owner of the other tract. (*Clapp* v. *Churchill, supra.*)

Stress is laid upon the fact that for years, without objection, the defendant cultivated up to the ditch on his side, and the plaintiff and the former owners of his tract up to the ditch on their side. But the acquiescence so shown was material only as evidence that there was an agreement between the owners of the respective tracts fixing the boundary

whose true location was theretofore uncertain. (*Clapp* v. *Churchill, supra.*) It is sufficient for the purposes of the present case to say that the acquiescence shown was not of such a nature as to require the conclusion that it was in conformity to an agreement fixing a disputed or uncertain boundary line, or that it itself amounted to such an agreement. [3] In fact, we would say that the evidence as a whole quite decidedly supports the implied finding of the trial court that such acquiescence as was shown was merely in what the parties mistakenly believed to be the true line without any notion on their part of fixing a disputed or uncertain boundary.

We might add as a circumstance of some little weight that the ditch was not of such a character as actually to separate the properties. It was shallow, being only about a foot deep, was ploughed over from time to time, extended only part way across the properties, and the plaintiff testifies was not there at all when he purchased.

The case may be summed up by saying that the defendant's evidence was not such as to require the trial court to find that there had been a valid agreement fixing as the boundary a line other than the true line as called for by the descriptions in the respective deeds under which the parties hold. This being true, the judgment cannot be reversed.

Judgment affirmed.

Shaw, J., Sloane, J., Angellotti, C. J., Wilbur, J., Lawlor, J., and Lennon, J., concurred.