421 P.2d 944

**Frank FUOCO and Anna Fuoco, Plaintiffs and Appellants,**

**v.**

**Benjamin H. WILLIAMS and Verna V. Williams, Defendants and Respondents.**

**No. 10362.**

Supreme Court of Utah.

Dec. 27, 1966.

---

2. Seamons v. Anderson, 122 Utah 497, 252 P.2d 209; Buckley v. Cox, 122 Utah 151, 247 P.2d 277; Jensen v. Gerrard, 85 Utah 481, 39 P.2d 1070.

E. J. Skeen, Salt Lake City, for appellants.

Milton A. Oman, Salt Lake City, for respondents.

CALLISTER, Justice:

Plaintiffs, the Fuocos, appeal for the second time from an adverse judgment in their suit to quiet title to a strip of land, approximately 20 feet in width, between their property and that of the adjoining landowners, the defendants, Williams.

On the first appeal this Court reversed the lower court, which had submitted to the jury only the question of the location of the ditch involved, with instructions that there be a determination as to whether the ditch had been acquiesced in over a long period of time as a boundary line or was merely used for irrigation purposes.[1]

In response to this Court's remand, a second trial was held by the lower court (this time without a jury) which again ruled against the Fuocos. It found, in substance, that for more than 25 years the west boundary of the Williams' tract had been marked by a ditch used for irrigation purposes by

1. Fuoco v. Williams, 15 Utah 2d 156, 389 P.2d 143 (1964).

the predecessors of the Fuocos; that the ditch had been known and visible for all said period of time; that the ditch had been constructed, used and recognized by the parties and their predecessors as the boundary between the properties; and, that the Fuocos' predecessors had acquiesced in the ditch as being the boundary line.

Upon this appeal, the Fuocos contend that a long-continued existence of a monument definitely establishing a boundary line has not been proved, nor has there been evidence adduced that the parties mutually recognized the ditch as a boundary line.

■ In former opinions this Court has required four prerequisites to establish a presumption of boundary by acquiescence. They are: (1) occupation up to a *visible line* marked by *monuments,* fences or buildings, (2) *mutual* acquiescence in the line as the boundary, (3) for a long period of years, (4) by adjoining landowners.[2]

■ Once the foregoing four elements are established, it is then incumbent upon the party disputing title by acquiescence to prove that a boundary was not thus established.[3] However, if the party claiming title by acquiescence fails to establish any of these four elements, giving rise to a presumption in his favor, then he has no case at all.[4]

Contrary to the findings of the lower court, we hold that, as a matter of law, the evidence does not establish the first two necessary elements: (1) a visible line marked by a monument and (2) mutual acquiescence.

It is conceded that the record title to the strip of land is in the Fuocos, and it is further conceded that the Williams and their predecessors used the strip for a long period of time. However, the visibility of the ditch over this period is in dispute and evidence of acquiescence by the Fuocos or their predecessors is absent.

■ A claimed boundary line by acquiescence must be open to observation.[5] The visibility of the ditch over the period of its existence is in sharp conflict. However, a factor closely connected with visibility is whether the instant ditch qualifies as a monument which visibly marks an open boundary. A boundary line, to be established by acquiescence, must be definite, certain and not speculative.[6] The uncontroverted facts, which can be gleaned from the record, are that the ditch was dug with a plow; that its dimensions were originally

2. Fuoco v. Williams, footnote 1, supra; Ringwood v. Bradford, 2 Utah 2d 119, 269 P.2d 1053 (1954); Brown v. Milliner, 120 Utah 16, 232 P.2d 202 (1951); 3 Utah L.R. 504.
3. King v. Fronk, 14 Utah 2d 135, 378 P. 2d 893 (1963).
4. Fuoco v. Williams, footnote 1, supra.
5. Nelson v. Da Rouch, 87 Utah 457, 50 P. 2d 273 (1935).
6. 6 Thompson on Real Property, § 3036, p. 527.

the equivalent of two plow furrows, approximately two feet wide and six to eight inches deep; that the disputed area had been overgrown with weeds for nineteen of the past twenty years; that the ditch had been used solely in past years to irrigate the Fuoco tract; and, that the ditch was of a disintegrating nature which, to be used for irrigating, had to be periodically reestablished by plowing.

 A monument must be some tangible landmark to indicate a boundary. Objects to qualify as a monument must have certain physical properties such as visibility, permanence, stability, and a definite location.[7] This principle comports with the Utah case law which has reiterated that there must be a visible line marked definitely by monuments, fences or buildings to establish a boundary by acquiescence.[8]

While there is a conflict, the evidence strongly indicates that the ditch was not restricted to one position or location. The defendant, Benjamin Williams, himself, admitted that it may not have remained in the same location. This movable nature of the ditch, together with its shallowness and its obstruction by weeds, is incompatible with the characteristics of a monument.[9]

 Since the doctrine of boundary by acquiescence can deprive a record owner of his property, a court should be reluctant to hold that a ditch, which was constantly subject to shifting or obliteration by erosion, weeds or cleaning and which was originally established by plowing two furrows down an open field for purposes of irrigation, has that visibility and persistency of placement to constitute a boundary by acquiescence, which we have observed must be definite, certain and not speculative.

In the instant case, the only available evidence indicates that the ditch was originally plowed by a tenant for his own convenience to irrigate the Fuoco tract. There is certainly insufficient evidence that the ditch was constructed to mark the boundary. However, the defendants have urged that there is a clear inference that the ditch was intended to mark the boundary because it would be illogical to allow a twenty-foot strip to lie east of the ditch where it could not be irrigated and the adjoining landowners would use it. In the prior appeal of this case, this Court responded to this contention in the following statement:

> * * * Any number of ditches could crisscross one's property for the purpose of irrigating land without any contention or realistic assumption that they were to be boundary lines,—even though by permission, others may have used the dry land in between.

---

7. 11 C.J.S. Boundaries § 5, p. 545.

8. See 3 Utah L.R. 504 for a review of Utah cases involving the question of boundary by acquiescence.

9. Huddart v. McGuirk, 186 Cal. 386, 199 P. 494 (1921).

In order to establish a boundary by acquiescence, it is not necessary that the acquiescence should be manifested by a conventional agreement, but recognition and acquiescence must be mutual, and both parties must have knowledge of the existence of a line as boundary line.[10] In the instant case, there is no mention of Fuoco's predecessors in interest, and there is no direct evidence of their knowledge of the existence or their recognition and acquiescence in the ditch as a boundary line. In the instant case any inference of recognition and acquiescence in the ditch as the boundary by the various individuals, not record owners, who farmed the Fuoco tract is immaterial.[11] The record contains insufficient evidence to support a finding of mutual recognition and acquiescence in the ditch as a boundary.

The Williams, who claiming title by acquiescence, have failed to prove all of the four elements necessary to raise the presumption that a binding agreement exists settling an uncertain boundary. Therefore, title to the disputed tract must be quieted in the Fuocos.

Reversed. Costs to plaintiffs.

HENRIOD, C. J., and CROCKETT, J., concur.

McDONOUGH and WADE, JJ., heard the arguments but died before the opinion was filed.

10. 11 C.J.S. Boundaries § 79, p. 652.

11. Whitman v. Lowe, 98 Vt. 152, 126 A. 513 (1924); 69 A.L.R. 1519.