504 P.2d 1000

**Glenn C. ANDERSON, Plaintiff and Respondent,**

v.

**D. A. OSGUTHORPE et al., Defendants and Appellants.**

**No. 12893.**

Supreme Court of Utah.

Dec. 27, 1972.

---

McMillan & Browning, George M. Mc-Millan, Paul L. Badger, Salt Lake City, for defendants-appellants.

Walter P. Faber, Jr., of Watkins & Faber, Salt Lake City, for plaintiff-respondent.

ELLETT, Justice:

The defendants in a quiet title action appeal from an adverse judgment rendered by the court sitting without a jury.

At trial the court adopted the pretrial order, which among other things stated the agreed facts to be:

(A) Plaintiff is the record owner of the property in dispute and he and his predecessors in interest have always paid the taxes on the same.

(B) Defendants presently have possession of said property in dispute and have had said possession for more than twenty years.

(C) Defendants have not paid any taxes on said property.

The pretrial judge eliminated the issue of adverse possession in the following words:

After discussion between the court and counsel for the respective parties, it appeared to the court that the plaintiff is the record owner of the property in question and has paid the taxes on said property so as to preclude any of the above

named defendants from acquiring an *interest* in said property by adverse possession. (Emphasis added.)

Section 78–12–10, U.C.A.1953, provides:

Where it appears that there has been an actual continued occupation of land under claim of title, exclusive of any other right, but not founded upon a written instrument, judgment or decree, the land so actually occupied, and no other, is deemed to have been held adversely.

The defendants herein do not claim title to the land by adverse possession.[1] However, they do claim a prescriptive easement in and over the land in question. Not only have they had the exclusive possession of the property for over twenty years, but in addition thereto their predecessors in interest have, according to undisputed testimony, had the exclusive possession thereof since 1896.

The parcel of land in question is in the southwest corner of a rectangular parcel the legal title of which is in the plaintiff. The defendants own an "L" shaped piece of land which borders on the south and west sides of plaintiff's property. A highway extends northwesterly-southeasterly across defendants' and plaintiff's land leaving approximately one-half acre of the plaintiff's land to the south of the highway.

Prior to the construction of the present highway, a railroad and county road were in existence just to the north of and parallel to the present highway. From 1896 to about 1928 when the new highway was completed, the predecessors of the defendants used and claimed that part of plaintiff's land south of the railroad as their own. When the new highway was constructed, the predecessor of the defendants sold to the county and was paid for the land between the triangular parcel now in dispute and the railroad right-of-way.

The immediate predecessor of defendants erected a fence along the southerly side of the highway shortly after it was built and not long thereafter erected another fence parallel to the first but some fifty feet to the south of it. He used this lane for his cattle to travel between the barns southeast of the triangular piece of land and the pasture to the northwest thereof. The cattle also ate the grass growing on that part of plaintiff's land lying within the two parallel fences.

There was a small tip of plaintiff's land which extended southerly beyond the two fences. The defendants and their predecessors have used this part since the construction of the fences as a part of their meadowland from which they have taken grass and grazed their cattle. Prior to the construction of the present highway the predecessors in interest of defendants farmed and grazed that part of plaintiff's land

1. As it seems they might have done under Section 78–12–11(1), U.C.A.1953, since the tract had been fenced for over forty years.

which lay south of the railroad right-of-way.

■ Rights of easement by prescription have at all times been recognized in Utah. The time required for an easement to ripen by adverse use is twenty years. See Morris v. Blunt, 49 Utah 243, 161 P. 1127 (1916), and cases cited therein.

■ Appellants complain because the trial court did not find that the fence next to the highway determined a boundary by acquiescence between the lands owned by the parties. This fence was not placed where the defendants' predecessor thought his property line was. The predecessor claimed that his land extended northerly to the railroad right-of-way. He sold to the county the land between the railroad right-of-way and his fence next to the highway. The fence was erected to prevent the cattle from getting on the highway, not to mark a boundary line. The trial court was correct in not finding a boundary by acquiescence.

■ The assumption, however, that one cannot acquire an *interest* in property by adverse possession when the legal owner pays the taxes thereon is erroneous. One will not be able to acquire *title* to the property without complying with the statutory provisions relating to adverse possession, but that does not preclude *interests* from attaching after an adverse use for twenty years.

■ In the instant matter exclusive adverse use of plaintiff's land was had by defendant and their predecessors in interest for more than 74 years. The trial court was in error in not finding that defendants had an easement in the nature of a profit aprendre to the entire tract and a right to have their cattle move at will through the corridor between the fences.

The judgment is reversed and remanded with directions to grant to the defendants their easement in accordance with this opinion. Costs are awarded to the appellants.

CALLISTER, C. J., and HENRIOD, TUCKETT and CROCKETT, JJ., concur.