**June R. GOODMAN, Plaintiff and Respondent,**

v.

**Olive WILKINSON, an individual, Harold Wilkinson, an individual, and Jane Doe Wilkinson, his wife, Defendants and Appellants.**

**No. 16967.**

Supreme Court of Utah.

May 7, 1981.

Edwin G. Gibbs, Lehi, for defendants and appellants.

Ralph Amott, Orem, for plaintiff and respondent.

OAKS, Justice:

In this action by the record owner to quiet title to a strip of real property, the defendants, who were apparently in possession, claimed the property under the doctrine of boundary by acquiescence. The trial court rejected that defense and quieted title in the plaintiff, subject to an equitable obligation to reimburse defendants for the fair value of their improvements on the disputed property, unless they elected to remove them. Defendants bring this appeal.

The disputed strip lies within the legal description of a piece of real property purchased by plaintiff, but outside a fence she rebuilt after acquiring the property. Defendants, adjoining property owners, have occupied the disputed strip without objection by plaintiff, building a small shed and planting and harvesting fruit trees there. Defendants conveyed their property to a third party by warranty deed in 1958, and then reacquired it, also by warranty deed, in 1959. The calls in these deeds did not include the disputed strip. In 1976, Orem City paid plaintiff for an easement, a portion of which lies across the property in dispute.

■ In order to raise a presumption of boundary by acquiescence, a party must establish all four of the following elements: (1) occupation up to a visible line marked by monuments, fences, or buildings, (2) mutual acquiescence in the line as a boundary, (3) for a long period of time, (4) by adjoining landowners. *Hales v. Frakes*, Utah, 600 P.2d 556 (1979); *Fuoco v. Williams*, 18 Utah 2d 282, 421 P.2d 944 (1966). Failure to establish any one of the four elements is fatal to the defense of boundary by acquiescence.

The trial court found that "there was no mutual acquiescence in the fence line as the true boundary." Ironically, this finding seems to have been dictated more by defendants' failure to acquiesce than by plaintiff's.[1] Defendants' omission of the disputed strip in the calls of their 1958 deed supports this finding.[2]

■ On this appeal, defendants attempt to upset the finding of no mutual acquiescence. However, because their designation of the record on appeal did not include the reporter's transcript, the evidence given at the trial is not before us. In *Sawyers v. Sawyers*, Utah, 558 P.2d 607, 608 (1976), this Court declared:

---

1. Nowhere does the record on appeal suggest that plaintiff took any affirmative act inconsistent with acquiescence in the fence line as a boundary. Although plaintiff's brief argues that she did not acquiesce, the argument is based entirely on facts which, not having been included in the record on appeal, are not properly before this Court.

2. The trial court's memorandum opinion states that "[s]aid action coupled with the facts peculiar to this case gives weight to plaintiff's contention that there was no mutual acquiescence in the fence line as the true boundary."

Appellate review of factual matters can be meaningful, orderly, and intelligent only in juxtaposition to a record by which lower courts' rulings and decisions on disputes can be measured.

Where no transcript of trial proceedings is furnished on appeal, we presume that the evidence at trial was sufficient to support the findings and judgment of the trial court. *Garrand v. Garrand*, Utah, 615 P.2d 422 (1980); *Howard v. Howard*, Utah, 601 P.2d 931 (1979); *Goodman v. Lee*, Utah, 589 P.2d 759 (1978). Accordingly, defendants' challenge to the finding of lack of mutual acquiescence must be rejected, and the district court's judgment for plaintiff is affirmed.

MAUGHAN, C. J., HALL and HOWE, JJ., and HOMER F. WILKJNSON, District Judge, concur.

STEWART, J., having disqualified himself, does not participate herein.