Carl LEON and Katherine C. Leon, Plaintiffs and Respondents,

v.

Jessie DANSIE and Rodney Dansie, Defendants and Appellants.

No. 17402.

Supreme Court of Utah.

Dec. 31, 1981.

John P. Ashton, Salt Lake City, for Leon.

Thomas A. Duffin, Salt Lake City, for Dansie.

---

**6.** *Brown v. Milliner, supra,* note 1.

PER CURIAM:

The plaintiffs were awarded a quiet title judgment on a small tract of land in a hilly area at Herriman, Utah. Defendants appeal, urging title by boundary acquiescence, or by virtue of a profit a prendre.

■ The testimony of one of the defendants, among other evidence introduced, indicated that defendants did not use the disputed area continuously to establish a prescriptive right. Based upon such evidence, the trial court found that an interest by way of profit a prendre never was perfected.

The clear weight of the evidence also showed that although there was a fence in place far in excess of the prescriptive or adverse possession periods necessary to acquire enforceable new title, the almost complete concurrence of all the witnesses on both sides, was to the effect that the fence was used primarily to contain livestock from the field below. The record title clearly was shown to be in the plaintiffs at the outset and thereafter, which was confirmed many years later by an official survey.

The defendants have set forth in their brief, only isolated parts of testimony favoring their contentions, emphasizing existence of a fence for a long time. There was no showing of the important continuity of use factor, and no proof positive of any mutual acquiescence that the fence was or was intended to be a boundary. The trial court reasonably could have recognized and apparently did recognize such insufficiency in the evidence. The quality and quantum of evidence did not measure up to the standard that defendants claim *Fuoco v. Williams*, 18 Utah 2d 282, 421 P.2d 944 (1966) enunciates.

■ With little or no contradiction but with considerable concurrence by the defendants themselves, a number of witnesses on both sides conceded that there had been no dispute as to record title at any time over the years. Practically everyone testified as to the purpose of the fence's first and continuous existence—that of keeping livestock away from the fields below. Such purpose eliminates any question of boundary by acquiescence, since the primary purpose thereof is to lock title about which there may be some kind of disagreement into a fixed asset. It would appear that *Ringwood v. Bradford*, 2 Utah 2d 119, 269 P.2d 1053 (1954) is dispositive here. That case rejected a claim of boundary by acquiescence.

The owners of the adjoining "Dansie property" sought out their neighbors, record owners of the "Leon property," with an offer to purchase the subject property. This clearly constitutes a recognition, and far from an adverse gesture of the title as recorded, with no hint as to doubt about the true boundary.

This Court traditionally looks more favorably at evidence justifying affirmance of the decision. The undisputed evidence present in this case amply confirms the correctness of the trial court's decision.

Affirmed, costs awarded to plaintiffs.