**Richard D. COOPER, Plaintiff and Appellant,**

v.

**Eugene S. JONES, Sheriff of Washington County, State of Utah, Defendant and Respondent.**

No. 18756.

Supreme Court of Utah.

Jan. 28, 1983.

**PER CURIAM:**

Petitioner has appealed pro se from the district court's denial of habeas corpus re-

lief from a jail sentence on a misdemeanor conviction. We deny the State's motion to dismiss the appeal, but affirm the district court summarily on the merits.

Petitioner, a resident of St. George, Utah, is trying to construct something in that city without a building permit. He contests the City's authority to require that permit. As part of his efforts to dissuade the City, he served the Mayor with an order purportedly issued by "The Supreme Court of the Township of Zion," enjoining the City from interfering with his free use of his private property and from any criminal prosecutions. Thereafter, in case No. 82–CR–122 in the Ninth Circuit Court, Washington County, a jury convicted petitioner of failure to obtain a building permit in violation of a St. George city ordinance, a class B misdemeanor. Petitioner was sentenced to 30 days in jail and a $299 fine. Sentence was suspended and he was placed on unsupervised probation on condition that he obey all state, federal, and local laws, and not proceed with the construction. No appeal was taken. On August 30, 1982, after a hearing on an order to show cause, the court found that petitioner was violating the terms of his probation by proceeding with the construction. The court ordered that the previously imposed sentence be executed, and petitioner was thereupon incarcerated in the Washington County Jail on August 30, 1982. No appeal was taken from that order.

Petitioner sought habeas corpus relief from that confinement, filing a petition with the District Court for the Fifth Judicial District on August 31, 1982 (case No. 8633), and with this Court a few days later. On September 9, 1982, this Court referred the latter petition back to the Fifth District Court "for an evidentiary hearing and a determination of such facts as may be necessary." See Utah R.Civ.P. 65B(g). These petitions, which were, in effect, consolidated in the district court, contended that neither the City nor the circuit court had any jurisdiction over petitioner. The reasoning

is not easy to understand, but it includes references to the "Township of Zion" (petitioner signed and sealed one paper as a judge of the "Supreme Court" of that township), and to the illegality of requiring petitioner to pay a fine in other than the legal tender of gold and silver coin.

On September 21, 1982, after two separate hearings, the district court dismissed the petition for habeas corpus. The court entered detailed findings of fact and conclusions of law, which have been invaluable in our review of this matter. The court found: (1) that petitioner was then in confinement, having served 22 days of a 30-day sentence, (2) that petitioner was a resident of St. George, and subject to its jurisdiction and ordinances, (3) that the Ninth Circuit Court had jurisdiction over petitioner in case No. 82–CR–122, and (4) that petitioner's confinement was effected after appropriate hearings and opportunity to be heard. The court concluded: (5) that the "proceedings and orders issuing out of that body identified as 'The Supreme Court of Zion's Township' are not the product of a court of record in the State of Utah and are not entitled to judicial notice or full faith and credit in this court," (6) that the City of St. George is a proper body politic of the state with duly qualified officials, (7) that petitioner "is collaterally estopped from reasserting those issues previously heard and adjudicated in other actions involving the same parties and issues, including the issue of petitioner's allegation that he was deprived of the right to an administrative hearing by the City of St. George before demand was made upon petitioner to obtain a building permit," and (8) that there is no basis upon which to grant a writ of habeas corpus.

On that same day, the Ninth Circuit Court ordered that the balance of petitioner's sentence in case No. 82–CR–122 be suspended as of September 24, 1982, at 4:00 p.m., and that the $299 fine be suspended. Petitioner was thereupon released from confinement after serving 25 of the 30 days in his sentence.

Petitioner filed a timely notice of appeal from the district court's denial of habeas corpus relief, and the record in that proceeding was sent forward in due course but without a transcript of evidence at the hearings. That appeal is the only matter before this Court. We stress that fact, since petitioner has sent this Court a shower of papers attacking the jurisdiction and powers of the City of St. George in general, and attempting by means of this appeal to obtain relief from subsequent prosecutions and suits relating to this same controversy.[1] The sole issue in this appeal is whether the district court committed any error in denying habeas corpus relief in district court case No. 8633, which challenged the jurisdiction of the circuit court in case No. 82–CR–122.

The State has moved to dismiss the appeal upon three grounds.

█ 1. The request for habeas corpus relief is moot because petitioner has been released from confinement under the order challenged by the writ. We decline to dismiss the appeal on this ground. The question of the mootness of an appeal in a habeas corpus matter when the petitioner has been unconditionally released from custody is open in this jurisdiction, and the question is sufficiently difficult that it ought not to be decided in a case where it has not been briefed on both sides. *Cf. Carafas v. LaVallee,* 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); *Spain v. Stewart,* Utah, 639 P.2d 166 (1981).

█ 2. Petitioner has failed to support his allegations with an adequate record. Since petitioner has not provided a transcript of evidence at the habeas corpus hearing, we will not entertain any argument that the district court's findings were unsupported by the evidence. *Goodman v. Wilkinson,* Utah, 629 P.2d 447 (1981); *Whetton v. Turner,* 28 Utah 2d 47, 497 P.2d 856 (1972). But petitioner can still challenge the district court's conclusions of law on the basis of the record submitted. We therefore decline to dismiss the appeal on this ground.

3. Petitioner fails to identify in plain and concise language the issues presented in the appeal, in that he has incorporated numerous documents and contentions outside the record and outside the proper scope of this appeal. While this argument is correct in substance, the relief the State requests is really granted by this opinion's clarification that the issues on this appeal are limited to legal questions, notably the circuit court's jurisdiction over petitioner in the conviction challenged in the habeas corpus petition. We therefore decline to dismiss on this ground.

█ This matter is now at issue and has been argued on the merits in petitioner's numerous memoranda and in his oral argument pro se in opposition to the State's motion. The order dismissing the petition for habeas corpus is summarily affirmed because "it plainly appears that the appeal presents no substantial question . . . ." Utah R.Civ.P. 73B(e).

Motion denied and order affirmed.

█

---

1. For example, petitioner has provided papers from which it appears that the City issued a complaint charging him with renewing his construction on September 28, 1982, and that he was convicted of that offense in circuit court in case No. 82–CR–533 and given a 60-day sentence, which he commenced serving on December 1, 1982. It also appears that petitioner is a defendant in a Fifth District Court proceeding for contempt for violating an injunction against building a structure in St. George without a building permit (case Nos. 8232 and 8235). None of these proceedings or the confinements pursuant to them are before this Court.