Agnes PACE and Jasper Pace, dba U.S. Trailer Park, Plaintiffs and Respondents,

v.

Daniel R. JERMAN and John R. Gunther, Defendants and Appellants.

No. 19519.

Supreme Court of Utah.

June 22, 1984.

J. Jay Bullock, Salt Lake City, for defendants and appellants.

Douglas W. Springmeyer, Wendall P. Ables, Salt Lake City, for plaintiffs and respondents.

PER CURIAM.

This is an appeal from a judgment establishing a prescriptive easement in favor of

the plaintiffs on the north, over land claimed and recorded in the names of the defendants to the south, for ingress and egress to plaintiffs' trailer park. The easement decreed was for 30 feet running west-east from a state highway, 14 feet of which had been conceded by stipulation.

The main difference in contention was a "jog" area within the disputed 16 feet to the extreme south. That was an area which the defendants insisted could not have been acquired by prescription because it was so deeply depressed that it was not fit for vehicular travel and the plaintiffs had not used it for such purpose or any other purpose continuously for the prescriptive period. The plaintiffs urged otherwise and presented admissible evidence that they personally, and with the aid of a contractor, had used dirt from the north to fill the "jog" area in order to establish a usable driveway, even before the prescriptive period had begun to run. The defendants countered with aerial photos, which they said were taken before and after the alleged fill and at different times, to show non-use or inability to use the strip continuously for the required time.

There is no question as to adverse use in this case, since the plaintiffs acquired their property with the advice of the seller that the strip had been used for some time before in connection with the trailer park. It is undisputed that the defendants granted no permissive use until after the prescriptive period had run and after suit was filed.

The trial court was confronted with conflicting testimony and accepted that offered by plaintiffs. Although the plaintiffs had sought more, the evidence supports the easement for 30 feet.

Defendants contend that plaintiffs have not complied with the "adverse possession" statute [1] because they had not paid taxes. This Court has pointed out that such statute does not apply to pre-

scriptive easements created by continuous possession for 20 years.[2]

The judgment is affirmed. Costs to plaintiffs.

---

1. U.C.A., 1953, § 78–12–12.

2. *Morris v. Blunt,* 49 Utah 243, 161 P. 1127 (1916); *Anderson v. Osguthorpe,* 29 Utah 2d 32, 504 P.2d 1000 (1972).