738 P.2d 1327

**David STONE, Plaintiff-Appellant,**

v.

**P.F. TURNER and Mary E. Turner, his wife, Defendants-Appellees.**

**No. 9177.**

Court of Appeals of New Mexico.

March 26, 1987.

Certiorari Quashed July 6, 1987.

Stephen Doerr, Doerr & Knudson, P.A., Portales, Sarah M. Singleton, Montgomery & Andrews, P.A., Santa Fe, for plaintiff-appellant.

Richard F. Rowley II, Rowley & Parker, P.C., Clovis, Martha A. Daly, Rothstein, Bailey, Bennett, Daly & Donatelli, Santa Fe, for defendants-appellees.

**OPINION**

DONNELLY, Chief Judge.

Plaintiff, David Stone, appeals from a judgment denying his complaint for injunctive relief and for damages in a suit involving a disputed boundary. Three issues are presented on appeal: (1) whether the trial court erred in determining that plaintiff's claims concerning the location of the boundary line should be denied because the issue of acquiescence was not pleaded; (2)

whether the trial court erred in finding that plaintiff's claim of acquiescence was not proven; and (3) whether the trial court erred in finding that plaintiff's claim for damages had not been proven. We affirm.

Plaintiff and defendants are adjoining property owners in Roosevelt County. Defendants own the property bordering plaintiff's land on the east side. Near the boundary of the two properties is a wire fence. To the west of the fence is a roadway which is separated from the fence by a small strip of land. Defendants removed a portion of the fence and objected when plaintiff sought to repair the fence. Plaintiff filed suit for injunctive relief and for damages stemming from defendants' removal of portions of the fence. Defendants filed an answer alleging that the fence was located on their land and was not the true boundary between the two properties.

Following trial on the merits, the trial court adopted findings of fact, finding among other things:

2. Defendants have constructed a fence which is located near the West side of the Defendant's [sic] property and has been maintained by Defendants as their fence for a period in excess of 65 years.

3. Plaintiff's complaint seeks an injunction against Defendants "requiring them to leave said fence up", and for damages.

4. Plaintiff did not plead acquiescence has existed.

5. Evidence was insufficient to establish that the fence became the boundary line by acquiescence.

6. The evidence presented at trial was not sufficient to prove damages in favor of Plaintiff.

Based upon the findings of fact adopted by the trial court, the relief sought by plaintiff was denied.

## I. CLAIM OF ACQUIESCENCE

We jointly discuss plaintiff's first and second points asserted on appeal. Plaintiff alleges the trial court erred in denying his claims for relief on the basis that the doctrine of acquiescence had not been pleaded or proven. Plaintiff argues that both sides presented evidence on the issue of acquiescence and contends that there was substantial evidence tending to support his claim that the ranch fence constituted a boundary by acquiescence.

On appeal, defendants concede that acquiescence was properly raised as an issue during trial on the merits. They assert, however, that the trial court's judgment denying relief should be upheld because the evidence was conflicting as to whether the fence in question was in fact a boundary line by acquiescence.

While a boundary line may be established by acquiescence of adjoining landowners, generally whether a boundary line has been established by means of acquiescence constitutes a question of fact. *Esquibel v. Hallmark*, 92 N.M. 254, 586 P.2d 1083 (1978). The party attempting to establish a common boundary line by reason of the doctrine of acquiescence has the burden of proving that acquiescence has in fact occurred. *Tresemer v. Albuquerque Public School District*, 95 N.M. 143, 619 P.2d 819 (1980).

The elements which must be proven to establish a boundary by acquiescence are: (1) the existence of adjoining land owners; (2) occupation up to a clear and certain line; (3) mutual recognition and acceptance in the line as a boundary; and (4) acceptance of the boundary for a long period of time. *Id.*

Defendant P.F. Turner, seventy-eight years old at the time of trial, testified that: he had lived on this property since he was eight years old; he knew the fence had existed in the same location since approximately 1912; the fence was his fence which he maintained; he used the fence to keep his livestock on his property, separate from those of the adjoining property owner's; the fence was relied upon by adjoining property owners for the same purpose; he knew the road located on the west side of

the fence was a county road which had existed there for at least seventy years; and, he always believed the road was the true boundary between the two properties "like any section line."

Plaintiff contends that, prior to defendants' act of removing the fence, the boundary had been established by acquiescence. Plaintiff urges this court to follow *Sachs v. Board of Trustees of Town of Cebolleta Land Grant*, 89 N.M. 712, 557 P.2d 209 (1976), arguing the cases are indistinguishable in that the adjoining landowners in both cases honored a fence as a grazing boundary and allowed livestock to graze right up to both sides of the fence.

*Sachs* was an action to determine a boundary between mineral interests in adjoining properties. The trial court entered a finding that the parties had erected a fence and recognized it for many years as a boundary for grazing purposes, yet concluded that the fence was not a boundary for mineral purposes. On review the supreme court ruled that, under the doctrine of acquiescence, a finding that the fence was honored for grazing purposes compelled the conclusion that the fence was also binding on the parties as a boundary for mineral purposes.

The *Sachs* court recognized a conflict between honoring a fence as a grazing boundary and concluding that title was not acquired by acquiescence and noted:

> It is difficult to understand the argument that one can "honor" a fence without acknowledging it to be the boundary. For what other reason does one honor a fence? * * * To honor is to treat with respect * * * by rendering due obedience and courtesy. It follows, therefore, that to honor a fence as a boundary is *a fortiori* to acquiesce in the fence as a boundary.

*Id.* at 719, 557 P.2d at 216.

Other jurisdictions, however, have acknowledged another reason for recognizing a fence which can preclude acquiescence in a fence as a boundary. In *Herrmann v. Woodell*, 107 Idaho 916, 693 P.2d 1118 (App.1985), the court determined that when there is sufficient proof that a fence was erected as a barrier, rather than a boundary dividing adjacent properties, acquiescence cannot be found; however, the court held that there was insufficient proof of a barrier and that a boundary by acquiescence was established. In *Herrmann*, the party opposing acquiescence claimed the disputed property was once a public road and that the fence was constructed by their predecessors-in-interest to keep animals from the roadway. The reviewing court acknowledged that if existence of the road was established, then the implication that the fence was erected as a barrier and not as a boundary would prevent the conclusion of acquiescence. *Accord Anderson v. Osguthorpe*, 29 Utah 2d 32, 504 P.2d 1000 (1972).

Similarly, in *Leon v. Dansie*, 639 P.2d 730 (Utah 1981), the reviewing court held that a fence did not constitute a boundary by acquiescence where the purpose of the fence was to keep livestock away from fields below. *See also Cothran v. Burk*, 234 Ga. 460, 216 S.E.2d 319 (1975) (failure to dispute fence is not necessarily acquiescence in a boundary since a fence may be placed for purposes other than fixing the boundary); *Hales v. Frakes*, 600 P.2d 556 (Utah 1979) (defendant and his predecessors had not acquiesced in fence as a boundary where fence was erected by defendant's predecessors as a barrier to control livestock and was purposefully offset from the section line in the expectation that an existing road would be extended across the section line); *see generally* Annotation, *Fence as a Factor in Fixing Location of Boundary Line—Modern Cases*, 7 A.L. R.4th 53, § 14 (1981).

In the case at bar, the trial court could have drawn the inference, based on defendant's testimony, that the fence was erected and maintained as a barrier to keep livestock off the road and separate from other livestock instead of being erected as a boundary line. Indeed, the fact plaintiff

requested an injunction to alleviate the expense incurred by corralling his livestock, thus preventing their wandering onto defendants' land, indicates the significance of the fence as a restraining barrier.

*Sachs* is distinguishable from the present case because the court there was primarily concerned with problems of inconsistency which would arise:

> [i]f adjoining landowners could recognize a fence as the boundary for grazing purposes but maintain, one against the other, that a river was the dividing line for irrigation purposes * * * [c]ommon sense and reason require that, if adjoining landowners acquiesce in a fence as a boundary for all of the purposes to which a property was placed during the period involved, as a matter of law the doctrine of acquiescence applies to make that fence the boundary for subsequent uses of the property.

*Sachs,* 89 N.M. at 719, 557 P.2d at 216.

Here, however, the trial court's decision was supported by an inference that the fence was intended to be a barrier to prevent defendants' cattle from going on the nearby road. Additionally, the trial court's ruling is supported by the testimony of Don Edgington, a certified surveyor presented by plaintiff, who indicated that the boundary line between the lands of plaintiff and that of defendants ran west of the fence but generally somewhere between the fence and the road and that, at one point, the east edge of the road corresponded with the section line. Wayne Crume, a former owner of plaintiff's property, testified that the space where the livestock grazed between the road and fence was about as "wide as a desk," i.e., three or four feet. P.F. Turner testified he always believed the county road was the boundary. Unlike *Sachs,* it therefore appears from the record that the fence was not situated merely because of convenience but was erected as close to the road (section line) as common sense and safety would allow.

■ Plaintiff also urges that acquiescence can be inferred from defendants' silence and failure to object to the practice of plaintiff and his predecessor-in-interest of grazing livestock up to the fence. *See Woodburn v. Grimes,* 58 N.M. 717, 275 P.2d 850 (1954). Since the evidence was conflicting as to whether the fence line was agreed upon as the boundary between the two properties by acquiescence, the trial court was not required to accept plaintiff's version of the facts as determinative of the issues between the parties. *See generally Warren v. Collier,* 262 Ark. 656, 559 S.W.2d 927 (1978) (chancellor's finding of acquiescence reversed when rested upon mere existence of fence and proof that adjoining landowners both allowed their cattle to graze on opposite sides of fence).

■ On appeal this court considers only the evidence favorable to the findings of the trial court and does not weigh conflicting evidence or inferences, nor the credibility of the witnesses. *Crane v. San Juan County, New Mexico,* 100 N.M. 600, 673 P.2d 1333 (CtApp.1983). The question on appeal is not whether there is evidence to support a contrary result, but rather, whether the trial court's findings are supported by substantial evidence. *Hernandez v. Mead Foods, Inc.,* 104 N.M. 67, 716 P.2d 645 (Ct.App.1986); *Sanchez v. Homestake Mining Co.,* 102 N.M. 473, 697 P.2d 156 (Ct.App.1985). On appeal, a reviewing court is bound by the findings of fact adopted by the trial court unless they are clearly erroneous or find no support in the evidence. *Roybal v. Morris,* 100 N.M. 305, 669 P.2d 1100 (Ct.App.1983).

Our review of the record indicates that the trial court's determination that the evidence was insufficient to establish the fence as a boundary line by the doctrine of acquiescence is supported by substantial evidence.

## II.  CLAIM OF DAMAGES

Plaintiff contends that the trial court erred in finding that he suffered no damage as a proximate result of defendants' removal of portions of the fence in dispute.

After the fence was cut, plaintiff was required to keep his livestock in corrals and pens, thereby incurring additional feed costs. Plaintiff's claim for damages is grounded upon his argument that the fence cut by defendants was a boundary line fence. Since we have determined that the trial court's finding that the fence in issue was not the boundary line between the parties and the fence was on defendants' land is supported by substantial evidence, the trial court's denial of an award of damages was not error.

The judgment of the trial court is affirmed.

IT IS SO ORDERED.

GARCIA and FRUMAN, JJ., concur.