**GRAYSON ROPER LIMITED PARTNERSHIP and Grayson Roper, Plaintiffs and Appellees,**

v.

**Rich FINLINSON, Jos. T. Finlinson, Inc., a corporation, Gordon Nielson, and John Doe I, Defendants and Appellants.**

**No. 860171.**

Supreme Court of Utah.

Oct. 17, 1989.

---

468

Fred W. Finlinson, Salt Lake City, for defendants and appellants.

Eldon A. Eliason, Delta, for plaintiffs and appellees.

ZIMMERMAN, Justice:

Defendants Rich Finlinson, Jos. T. Finlinson, Inc., a corporation, Gordon Nielson, and John Doe I (hereinafter collectively referred to as "Finlinson") appeal from a trial court decision that quiets title of a strip of land in plaintiffs Grayson Roper

Limited Partnership and Grayson Roper (hereinafter collectively referred to as "Roper"). Finlinson claims the court erred in ruling that Roper's quiet title action was not barred by sections 78–12–5 and 78–12–6 of the Code and in refusing to find that Finlinson had gained title to the disputed land through boundary by acquiescence. The trial court decision is affirmed.

Roper and Finlinson are adjacent landowners in Millard County, Utah. Roper is the record owner of an eighty-acre parcel described as the south ½ of the southwest ¼ of section 34, township 15 south, range 4 west, Salt Lake Base and Meridian (SLBM). Roper acquired this property in 1971 and can trace a clear chain of title back to the patentee who acquired the land from the federal government in 1916. The land owned by Finlinson pertinent to this action is a forty-acre parcel immediately to the east of Roper's property. Finlinson acquired this parcel in 1963. It is described as the southwest ¼ of the southeast ¼ of section 34, township 15 south, range 4 west, SLBM. Finlinson can trace a clear chain of title back to the patentee who acquired the land from the federal government. The dispute between Roper and Finlinson concerns a strip of land approximately 129 feet wide, lying within the bounds of Roper's property but on its eastern boundary. It is described as the east 129.4 feet of the south ½ of the southwest ¼ of section 34, township 15 south, range 4 west, SLBM.

For many years, a road extended the length of the 129–foot–wide strip in a north/south direction and provided access from the town of Leamington to what is now known as Utah Highway No. 125. Roper and his predecessors in interest used this road and allowed others to do the same. For many years, a fence stood along the west side of the strip. In 1979, Finlinson plowed out the road and began farming the strip of land. Roper asked Finlinson to cease this activity, but Finlinson refused. In May of 1982, the Bureau of Land Management ("the BLM") resurveyed the southern boundary line of section 34, as well as other boundaries in the area. The BLM then placed a survey marker to establish the southeast corner of the southwest ¼ of section 34. This survey marker was located 129.4 feet to the east of the old fence next to the now-plowed-up road. In September of 1982, Roper erected a partial fence on the section boundary as established by the newly placed BLM marker. Finlinson removed the fence, informed Roper that he owned the land, and warned him to keep off the property or face a trespass action.

In May of 1983, Roper filed a quiet title action against Finlinson, requesting injunctive relief and damages. Finlinson defended by contending that Roper's suit was barred by the statute of limitations in the Utah Code that pertains to actions involving title to real property. *See* Utah Code Ann. §§ 78–12–5, –6 (1987). The sections relied on, 78–12–5 and 78–12–6, state as a precondition to the bringing of an action concerning title to real property that the plaintiff, counterclaimant, or its predecessor in interest must have been in possession of the property within seven years before the commencement of the action.[1] The plaintiff or counterclaimant need not prove actual possession to satisfy this requirement. Under section 78–12–7 of the Code, a party holding legal title to the property is presumed to be "in posses-

---

1. Section 78–12–5 provides:
 No action for the recovery of real property or for the possession thereof shall be maintained, unless it appears that the plaintiff, his ancestor, grantor or predecessor was seized or possessed of the property in question within seven years before the commencement of the action.
 Utah Code Ann. § 78–12–5 (1987). Section 78–12–6 provides:
 No cause of action, or defense or counterclaim to an action, founded upon the title to real property or to rents or profits out of the same, shall be effectual, unless it appears that the person prosecuting the action, or interposing the defense or counterclaim, or under whose title the action is prosecuted or defense or counterclaim is made, or the ancestor, predecessor or grantor of such person was seized or possessed of the property in question within seven years before the committing of the act in respect to which action is prosecuted or defense or counterclaim made.
 Utah Code Ann. § 78–12–6 (1987).

sion" within the meaning of sections 78–12–5 and 78–12–6. Utah Code Ann. § 78–12–7 (1987).[2] However, section 78–12–7 also provides that this presumption can be rebutted if it is shown that "the property has been held and possessed adversely to such legal title for seven years before the commencement of the action." *Id.*

The trial court heard conflicting evidence and ruled in favor of Roper. It found, inter alia, that (i) Roper was the record title owner of the disputed strip of land; (ii) both Roper and Finlinson regularly used the road on the disputed strip and both more recently claimed exclusive possession of the land; (iii) the boundaries of Roper's property were established by three United States survey teams, as well as two Millard County surveyors; (iv) the BLM survey of 1982 confirmed the boundaries of Roper's property; and (v) Roper had paid taxes on the contested strip of land for twelve years and his predecessors in interest had done the same for over fifty years. The court then held that Finlinson had not established the adverse possession claim necessary to rebut the presumption raised by section 78–12–7 in favor of Roper and that the statute of limitations defense asserted by Finlinson failed because Roper was "seized or possessed of the property in question within seven years before the commencement of the action." *Id.* It therefore quieted title in Roper. Finlinson appeals.

■■■ Before addressing Finlinson's arguments on appeal, we note the applicable standards of review. A trial court's legal conclusions are accorded no particular deference; we review them for correctness. *City of West Jordan v. Utah State Retirement Bd.*, 767 P.2d 530, 532 (Utah 1988); *Scharf v. BMG Corp.*, 700 P.2d 1068, 1070 (Utah 1985). On the other hand, a trial court's findings of fact are given deferential review. Utah Rule of Civil Proce-

dure 52(a) provides, "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Utah R.Civ.P. 52(a). To successfully attack a trial court's findings of fact, an appellant must first marshal all the evidence in support of the findings and then demonstrate that the evidence, including all reasonable inferences drawn therefrom, is insufficient to support the findings against an attack under the rule 52(a) standard. *Reid v. Mutual of Omaha Ins. Co.*, 776 P.2d 896, 899 (Utah 1989); *In re Estate of Bartell*, 776 P.2d 885, 886 (Utah 1989).

Finlinson does not dispute that Roper is the record title owner of the section which includes the disputed strip of land and that that fact raised a presumption of possession in Roper under section 78–12–7. However, Finlinson contends that the trial court erred in finding that the statutory presumption had not been rebutted. In support of this claim, Finlinson asserts that the trial court made a finding that he or his predecessors in interest occupied the strip for over fifty years prior to Roper's bringing the quiet title action. This, he claims, is sufficient to show that "the property has been held and possessed adversely to such legal title for seven years before the commencement of the action." Utah Code Ann. § 78–12–7 (1987).

■■■ The factual premise on which Finlinson bases this argument is contrary to the trial court's finding that *both* Roper and Finlinson used the strip of land over the years before claiming the right to exclusive possession. Finlinson has not attempted to carry his burden of marshaling the evidence in support of the trial court's finding regarding mutual use of the strip and then demonstrating that that finding is clearly erroneous. *See, e.g., Bartell*, 776 P.2d at

---

**2.** Section 78–12–7 provides:

In every action for the recovery of real property, or the possession thereof, the person establishing a legal title to the property shall be presumed to have been possessed thereof within the time required by law; and the occupation of the property by any other per-

son shall be deemed to have been under and in subordination to the legal title, unless it appears that the property has been held and possessed adversely to such legal title for seven years before the commencement of the action.

Utah Code Ann. § 78–12–7 (1987).

886. Therefore, there is no reason for us to disturb that finding. *See Ashton v. Ashton,* 733 P.2d 147, 150 (Utah 1987).

 But even if Finlinson or his predecessors in interest had exclusively possessed the disputed strip for more than seven years before Roper brought his suit, that fact would not operate to rebut the presumption of possession accorded Roper by section 78–12–7. Relying on sections 78–12–9 and 78–12–11 of the Code,[3] Finlinson contends that it is enough to "possess adversely" under section 78–12–7 if one merely cultivates crops on the land. This reading of the Code is plainly erroneous. Sections 78–12–9 and 78–12–11 only define when "land is deemed to have been possessed and occupied" by a party seeking to establish adverse possession. They specify that cultivation of crops suffices for possession or occupation. But that alone is not enough to establish a claim of adverse possession. Payment of taxes is also required. Section 78–12–12 provides:

> In no case shall adverse possession be considered established under the provisions of any section of this code, unless it shall be shown that the land has been occupied and claimed for the period of seven years continuously, *and that the party, his predecessors and grantors have paid all taxes which have been levied and assessed upon such land according to law.*

Utah Code Ann. § 78–12–12 (1987) (emphasis added). This payment-of-taxes requirement has been long recognized. *See, e.g., Smith v. Nelson,* 114 Utah 51, 56–57, 197 P.2d 132, 135 (1948); *Home Owners' Loan Corp. v. Dudley,* 105 Utah 208, 220–21, 141 P.2d 160, 166–67 (1943); *Huntsman v. Huntsman,* 56 Utah 609, 619–20, 192 P. 368, 372 (1920).

 We read the words "possess adversely" in section 78–12–7 as having the same meaning as "adverse possession" in section 78–12–12, thereby importing into section 78–12–7 a requirement that all of the elements of adverse possession be shown to rebut the presumption of possession it raises in a record title owner. To hold otherwise, as Finlinson requests, would be to permit a party to use section 78–12–7 to establish de facto an entitlement to property by adverse possession without showing the payment of taxes. This result would be flatly contrary to the plain intent of the legislature as set out in section 78–12–12 and confirmed in our cases. *See Farrer v. Johnson,* 2 Utah 2d 189, 193–94, 271 P.2d 462, 465–66 (1954); *Sheppick v. Sheppick,* 44 Utah 131, 136, 138 P. 1169, 1171 (1914). Finlinson's position also contradicts fundamental principles of statutory construction: to wit, separate parts of an act should not be construed in isolation from the rest of the act, *Jensen v. Intermountain Health Care, Inc.,* 679 P.2d 903, 906 (Utah 1984), and the terms of related code provisions should be construed in a

---

**3.** Section 78–12–9 provides:

> For the purpose of constituting an adverse possession by any person claiming a title founded upon a written instrument or judgment or decree, land is deemed to have been possessed and occupied in the following cases:
> (1) where it has been usually cultivated or improved.
> (2) where it has been protected by a substantial inclosure.
> (3) where, although not inclosed, it has been used for the supply of fuel, or of fencing timber, for the purpose of husbandry, or for pasturage or for the ordinary use of the occupant.
> (4) where a known farm or single lot has been partly improved, the portion of such farm or lot that may have been left not cleared or not inclosed according to the usual course and custom of the adjoining county is deemed to have been occupied for the same length of time as the part improved and cultivated.

Utah Code Ann. § 78–12–9 (1987). Section 78–12–11 provides:

> For the purpose of constituting an adverse possession by any person claiming title not founded upon a written instrument, judgment or decree, land is deemed to have been possessed and occupied in the following cases only:
> (1) where it has been protected by a substantial inclosure.
> (2) where it has been usually cultivated or improved.
> (3) where labor or money has been expended upon dams, canals, embankments, aqueducts or otherwise for the purpose of irrigating such lands amounting to the sum of $5 per acre.

Utah Code Ann. § 78–12–11 (1987).

**472**

harmonious fashion, *see Utah State Road Comm'n v. Friberg,* 687 P.2d 821, 831 (Utah 1984). Because Finlinson has not shown that he had paid taxes on the property for seven years, the trial court correctly ruled that sections 78–12–5 and 78–12–6 did not bar Roper's suit.

■ We next address Finlinson's argument that the trial court erred in failing to find that he acquired title to the disputed strip of land through the doctrine of boundary by acquiescence. Finlinson recognizes that the presence of clear title in Roper and the ready availability of accurate survey information showing the true status of the strip of land would require affirmance of Roper's title under our decision in *Halladay v. Cluff,* 685 P.2d 500 (Utah 1984). Under *Halladay,* there must be "objective uncertainty" as to a boundary's location before boundary by acquiescence can come into play. 685 P.2d at 505–06. Finlinson argues that we should limit *Halladay* to an "urban scenario." When the land is rural, Finlinson suggests, we should adhere to the traditional boundary by acquiescence rule of *Fuoco v. Williams,* 18 Utah 2d 282, 421 P.2d 944 (1966). Under *Fuoco,* the four prerequisites of boundary by acquiescence are (i) occupation up to a visible line marked by monuments, fences, or buildings, (ii) mutual acquiescence in the line as the boundary, (iii) for a long period of years, (iv) by adjoining landowners. *Id.* at 284, 421 P.2d at 946.

Even if we were to so limit *Halladay,* Finlinson would not prevail here because he cannot satisfy all the elements of *Fuoco.* The trial court found that the fence along the west side of the disputed strip was built for stock control and not as a boundary; therefore, it was not acquiesced in as a boundary by both parties. Finlinson has not attempted to carry his burden of overturning that finding on appeal. *See Bartell,* 776 P.2d at 886. We therefore decline to overturn the trial court's finding on that point.

The trial court's decision quieting title in Roper is affirmed.

HALL, C.J., STEWART and DURHAM, JJ., and DAVIDSON, Court of Appeals Judge, concur.

HOWE, Associate C.J., having disqualified himself, does not participate herein.

DAVIDSON, Court of Appeals Judge, sat.