2004 UT App 391

**DAHL INVESTMENT CO.,**
Plaintiff and Appellee,

v.

**Wayne L. HUGHES Sr. and Patricia L. Hampton–Hughes, Defendants, Appellants, and Third-party Plaintiffs,**

v.

**Progressive, L.C., Third-party Defendant.**

No. 20040036–CA.

Court of Appeals of Utah.

Nov. 4, 2004.

Frank G. Smith, Ogden, for Appellants.

Carvel R. Shaffer and David J. Shaffer, Bountiful, for Appellee.

Before BENCH, Associate P.J., GREENWOOD, and THORNE, JJ.

## OPINION

BENCH, Associate Presiding Judge:

¶1 Wayne L. Hughes and Patricia Hampton–Hughes (the Hugheses) appeal the district court's order quieting title to a parcel of land in favor of Dahl Investment Company (Dahl Investment). We affirm.

## BACKGROUND

¶2 The Hugheses and Dahl Investment own neighboring parcels of land in Syracuse.

Van Dahl is one of the general partners of Dahl Investment. Van Dahl's parents acquired the parcel of land directly to the east of what is now the Hugheses' parcel in January 1923. The parcel has since been transferred to the ownership of Dahl Investment. The Hugheses acquired their parcel in October 1998.

¶3 From approximately 1925 to 1965, a fence stood between the two parcels, and the property owners regarded the fence as the boundary line. However, the fence traversed land that is contained in the legal description of the Hugheses' parcel. By the time the Hugheses purchased their parcel, the fence had deteriorated. In 1999, the Hugheses began building a driveway that straddled the former fence line. During the eighteen-month construction period, Dahl Investment did not notify the Hugheses that the new driveway was encroaching on its parcel.

¶4 In 2001, Dahl Investment brought an action against the Hugheses seeking to quiet title to the property east of the former fence line on the theory that the presence of the fence from 1925 to 1965 had created a boundary by acquiescence. The Hugheses then brought a third-party claim against their neighbor to the west, Progressive, seeking to establish a boundary by acquiescence on the western edge of the Hugheses' parcel.

¶5 Following a bench trial, the Hugheses contended during closing arguments that Dahl Investment's claim was precluded by the statute of limitations or by laches. The Hugheses also argued that the evidence did not support a finding of a boundary by acquiescence. Rejecting these contentions, the district court found that the former fence line was the boundary between the Dahl Investment parcel and the Hugheses' parcel. However, the district court found that Dahl Investment was "estopped from claiming any of the property occupied by the Hughes[es]' driveway." Thus, the district court's order created "a jogged boundary line" between the Dahl Investment parcel and the Hugheses' parcel.[1] The Hugheses now appeal.

1. With regard to the Hugheses' claim against Progressive, the district court established the boundary according to the Hugheses' request.

### ISSUES AND STANDARDS OF REVIEW

¶ 6 The Hugheses contend that the district court erroneously found a boundary by acquiescence in favor of Dahl Investment. A district court's conclusion that " 'a given set of facts gives rise to a determination of acquiescence ... is reviewable as a matter of law.' " *Mason v. Loveless,* 2001 UT App 145, ¶ 11, 24 P.3d 997 (alteration in original) (quoting *Wilkinson Family Farm, LLC v. Babcock,* 1999 UT App 366, ¶ 6, 993 P.2d 229).

¶ 7 The Hugheses also argue that the statute of limitations found in Utah Code section 78–12–5 barred Dahl Investment from bringing this action.[2] *See* Utah Code Ann. § 78–12–5 (2002). "Whether the district court correctly applied the appropriate statute of limitations period is a legal question, which we review for correctness." *Utah Dept. of Envtl. Quality v. Redd,* 2002 UT 50, ¶ 12, 48 P.3d 230. Because "this review requires us to examine statutory language, we look first to the plain meaning of the statute." *Id.*

¶ 8 Finally, the Hugheses argue that the district court erred in determining that the doctrine of equitable estoppel only barred Dahl Investment from claiming the property on which the Hugheses' driveway now sits. Because of the fact-dependent nature of this determination, "[w]e grant ... broadened discretion to the trial court on the issue of equitable estoppel." *Trolley Square Assocs. v. Nielson,* 886 P.2d 61, 65 (Utah Ct.App.1994).

### ANALYSIS

#### I. Boundary by Acquiescence

¶ 9 The Hugheses argue that the district court erroneously concluded that Dahl Investment presented sufficient evidence to establish a boundary by acquiescence. "The elements of boundary by acquiescence are (i) occupation up to a visible line marked by monuments, fences, or buildings,

(ii) mutual acquiescence in the line as a boundary, (iii) for a long period of time, (iv) by adjoining landowners." *Jacobs v. Hafen,* 917 P.2d 1078, 1080 (Utah 1996). The Utah Supreme Court has held that the third element requires acquiescence for a minimum of twenty years. *See id.*

¶ 10 The Hugheses agree that the fence served as a boundary from approximately 1925 to 1965, and that during this period, Van Dahl's parents and their neighbor to the west acquiesced in the fence as a boundary. However, the Hugheses contend that Dahl Investment must show that subsequent neighbors have acquiesced to the boundary and that the boundary is still visibly marked.

¶ 11 We disagree. A boundary by acquiescence, once established, does not disappear because subsequent owners may be ignorant of its existence. *See RHN Corp. v. Veibell,* 2004 UT 60, ¶ 31, 96 P.3d 935 (holding that an established "boundary by acquiescence is not vitiated by a subsequent discovery of the true record boundary by one of the parties"). Likewise, Dahl Investment's failure to maintain a visible marker of the boundary after 1965 does not defeat the claim. Dahl Investment only needed to show that the necessary elements existed for a period of at least twenty years. *See Jacobs,* 917 P.2d at 1080. Accordingly, the district court did not err in finding that Dahl Investment had established a boundary by acquiescence.

#### II. Statute of Limitations

¶ 12 The Hugheses also contend that Utah Code section 78–12–5 barred Dahl Investment's boundary by acquiescence claim. *See* Utah Code Ann. § 78–12–5 (2002). Section 78–12–5 provides: "No action for the recovery of real property or for the possession thereof shall be maintained, unless it appears that the plaintiff, his ancestor, grantor or predecessor was seized or possessed of the property in question within seven years

2. As a companion to their statute of limitations argument, the Hugheses also assert that the doctrine of laches barred Dahl Investment's action. However, the Hugheses' opening brief merely raises the issue without offering any analysis. Accordingly, we decline to address this issue.

*See* Utah R.App. P. 24(a)(9) (noting that the opening brief "shall contain the contentions and reasons of the appellant with respect to the issues presented ... with citation to the authorities ... relied on"); *State v. Thomas,* 1999 UT 2, ¶ 11, 974 P.2d 269.

**833**

before the commencement of the action." *Id.* The Hugheses argue that the statute of limitations required Dahl Investment to show that it "had met [the] four [boundary by acquiescence] requirements within the preceding seven years."

 ¶ 13 We find nothing in the plain language of section 78–12–5 that requires Dahl Investment to show continuing compliance with the boundary by acquiescence requirements. As previously noted, in a boundary by acquiescence claim, a plaintiff must only show that the necessary elements were in place for at least twenty years. Once twenty years have passed, the boundary is established. Thus, the district court properly concluded that section 78–12–5 did not bar Dahl Investment's boundary by acquiescence claim.

### III. Equitable Estoppel

 ¶ 14 The Hugheses contend that equitable estoppel was a complete bar to recovery in this case. The elements of equitable estoppel are "(i) a ... failure to act [that is] inconsistent with a claim later asserted; (ii) reasonable action ... taken ... on the basis of the ... failure to act; and (iii) injury ... would result from allowing [a repudiation of] such ... failure to act." *CECO Corp. v. Concrete Specialists, Inc.*, 772 P.2d 967, 969–70 (Utah 1989).

¶ 15 The district court determined that Dahl Investment was estopped from asserting a claim to the property on which the Hugheses' driveway sits. The district court found that Dahl Investment failed to notify the Hugheses of its claim and that requiring the Hugheses to abandon or remove the driveway would constitute an injury. However, the district court also found that because the only action the Hugheses had taken on the basis of Dahl Investment's silence was construction of the driveway, no injury would result if Dahl Investment were allowed to possess the property beyond the driveway. The Hugheses point to no evidence in the record that would suggest a contrary result. Accordingly, we conclude that the district court did not exceed its discretion in applying the doctrine of equitable estoppel.

### CONCLUSION

¶ 16 For the foregoing reasons, we affirm the district court's order finding a boundary by acquiescence in favor of Dahl Investment. We also affirm the district court's order regarding the application of the statute of limitations and the doctrine of equitable estoppel.

¶ 17 WE CONCUR: PAMELA T. GREENWOOD and WILLIAM A. THORNE JR., Judges.