2005 UT App 346

**Roger ARGYLE, Plaintiff and Appellee,**

v.

**Sterling D. JONES, Dorothy P. Jones, and John Does 1–5, Defendants and Appellants.**

**No. 20040254–CA.**

Court of Appeals of Utah.

Aug. 11, 2005.

Rehearing Denied Sept. 2, 2005.

Justin D. Heideman and Justin R. Elswick, Provo, for Appellants.

Jere Reneer and Lee Fisher, Spanish Fork, for Appellee.

Before Judges BILLINGS, BENCH, and ORME.

## OPINION

BENCH, Associate Presiding Judge:

¶ 1 Sterling D. Jones and Dorothy P. Jones (the Joneses) appeal the district court's order quieting title to a parcel of land in favor of Roger Argyle under the doctrine of boundary by acquiescence. The Joneses also appeal the district court's award of attorney fees to Roger Argyle stemming from a motion they filed pursuant to rule 52(b) of the Utah Rules

of Civil Procedure. We reverse and remand for further proceedings.

## BACKGROUND

¶ 2 Roger Argyle and the Joneses own neighboring parcels of land in Spanish Fork, Utah. The disputed property is a sizable parcel of land between the Argyle property to the north and the Jones property to the south.

¶ 3 In 1953, Charles Argyle, grandfather of Roger Argyle, purchased the Argyle property under the mistaken belief that the disputed property was included in the purchase. In approximately 1957, Charles Argyle and Sterling Jones had a disagreement concerning the proper location of the boundary between their parcels. At trial, Sterling Jones testified that at the time of the disagreement, he and Charles Argyle agreed to ascertain the correct boundary by checking their respective legal property descriptions. Sterling Jones also indicated that, prior to 1957, he thought Charles Argyle was the record owner of the disputed property. Sterling Jones testified that, in 1958, he erected a fence on the southern boundary of the disputed property and that the fence was intended to serve as one side of a horse corral.

¶ 4 In 1961, Sterling Jones discovered that neither he nor Charles Argyle owned the disputed property, and the Joneses purchased the parcel at a tax sale. Sterling Jones testified that he informed Charles Argyle of the purchase, but gave him permission to use the property. Charles Argyle and subsequent owners, including Roger Argyle, have since used the disputed property as a pasture and a recreation area. The Joneses' use of the disputed property has been limited to occasional maintenance of the fence on the southern boundary and repairs performed on an artesian well located on the disputed property. The Joneses did not in-form any of the subsequent owners of the Argyle property of the true ownership status of the disputed property until 2001, when the Joneses served Roger Argyle with a notice to quit the premises.

¶ 5 Roger Argyle commenced this action in 2001, seeking to quiet title to the disputed property on the theory that the continual occupation of the disputed property by Roger Argyle and his predecessors created a boundary by acquiescence. In the alternative, Roger Argyle alleged that the facts of this case met the requirements of a prescriptive easement. The Joneses brought counterclaims for waste and unlawful detainer.

¶ 6 After a trial to the bench, the district court concluded that Sterling Jones and Roger Argyle acquiesced in the 1958 fence as the boundary.[1] The district court determined that the testimony of the Joneses and their witnesses was "contrived and unconvincing." Specifically, the district court found that Sterling Jones neither granted Charles Argyle permission to use the disputed property nor informed him of the Joneses' purchase of the property. Concluding that the elements of the boundary by acquiescence claim were established, the district court quieted title to the disputed property in favor of Roger Argyle.[2]

¶ 7 After the district court issued its memorandum decision in the case, the Joneses filed an objection to the court's findings of fact and conclusions of law. In response, the district court made several minor amendments to its findings and conclusions. After the amendments were made, the Joneses filed a motion pursuant to rule 52(b) of the Utah Rules of Civil Procedure. The district court denied this motion, concluding that it was redundant and that the Joneses were seeking relief that the district court had no authority to grant. In its ruling on the motion, the district court awarded attorney

---

1. Prior to trial, the parties stipulated that two of the elements of the boundary by acquiescence claim were met, namely that Roger Argyle and Sterling Jones were adjoining landowners and that the fence had been standing for the requisite period of at least twenty years. *See Jacobs v. Hafen*, 917 P.2d 1078, 1080 (Utah 1996). Thus, the parties only tried the two remaining ele-ments: occupation and mutual acquiescence. *See id.*

2. Because the district court ruled in Roger Argyle's favor on the boundary by acquiescence claim, the court did not address the prescriptive easement claim or the Joneses' counterclaims for unlawful detainer and waste.

fees to Roger Argyle. The Joneses now appeal.

## ISSUES AND STANDARDS OF REVIEW

▮ ¶ 8 The Joneses argue that the district court erred in determining that Roger Argyle established all the elements of his boundary by acquiescence claim. Whether " 'a given set of facts gives rise to a determination of acquiescence . . . is reviewable as a matter of law.' " *Mason v. Loveless*, 2001 UT App 145, ¶ 11, 24 P.3d 997 (alteration in original) (quoting *Wilkinson Family Farm, LLC v. Babcock*, 1999 UT App 366, ¶ 6, 993 P.2d 229). "However, this legal determination is highly fact sensitive and thus the trial court has some measure of discretion." *Wilkinson*, 1999 UT App 366 at ¶ 6, 993 P.2d 229.

▮ ¶ 9 The Joneses also contend that the district erred in awarding Roger Argyle attorney fees incurred in responding to the Joneses' motion under rule 52(b) of the Utah Rules of Civil Procedure. Whether attorney fees are recoverable is a question of law, which an appellate court reviews for correctness. *See Valcarce v. Fitzgerald*, 961 P.2d 305, 315 (Utah 1998).

## ANALYSIS

### I. Boundary by Acquiescence

▮ ¶ 10 The core issue on appeal is whether the facts of this case support the district court's conclusion that the Joneses and Charles Argyle acquiesced in the 1958 fence as the boundary between their properties. "The elements of boundary by acquiescence are (i) occupation up to a visible line marked by monuments, fences, or buildings, (ii) mutual acquiescence in the line as a boundary, (iii) for a long period of time, (iv) by adjoining land owners." *Jacobs v. Hafen*, 917 P.2d 1078, 1080 (Utah 1996). On appeal, the Joneses contend that the second element, mutual acquiescence, has not been established.

▮ ¶ 11 "Acquiescence does not require an explicit agreement, but recognition and acquiescence must be mutual, and both parties must have knowledge of the existence of a line as [the] boundary line." *Wilkinson Family Farm, LLC v. Babcock*, 1999 UT App 366, ¶ 8, 993 P.2d 229 (alteration in original) (quotations and citations omitted). In this case, the district court determined that acquiescence began in 1958, when Sterling Jones erected a fence along the southern edge of the disputed property. In making this determination, the district court ignored the fact that neither Charles Argyle nor the Joneses owned the disputed property in 1958. Moreover, the district court concluded that the Joneses' purchase of the disputed property in 1961 had no effect on the mutual acquiescence analysis.

▮ ¶ 12 The district court erred in failing to consider the combined effect of the ownership status of the property in 1958 and the 1961 purchase. In 1958, acquiescence between these parties was impossible because they could not permissibly settle their dispute by adjusting the boundary on property neither of them owned. Moreover, even assuming acquiescence was possible under these circumstances, the 1961 purchase by the Joneses terminated any putative acquiescence begun in 1958. *See Ault v. Holden*, 2002 UT 33, ¶ 21, 44 P.3d 781 (noting that actions evidencing "an unwillingness by one of the adjoining landowners to accept the line as the boundary refute any allegation that the parties have mutually acquiesced in the line as the property demarcation"). In order to establish a boundary by acquiescence claim, the plaintiff must show that mutual acquiescence lasted for at least twenty consecutive years. *See id.* at ¶ 23. Here, approximately three years elapsed between the construction of the fence in 1958 and the purchase of the disputed property in 1961; thus, the twenty-year requirement was not met.[3]

---

3. In its memorandum decision, the district court rejected the Joneses' argument that their purchase of the disputed property in 1961 and their knowledge of the true boundary line destroyed acquiescence. The district court opined that "it

would be unjust for this Court to find that mutual acquiescence . . . is destroyed when one of the parties fails to disclose that the record boundary line is different than the boundary line that has been established." The district court correctly

■ ¶ 13 Because acquiescence in 1958 was either impossible or cut short by the 1961 purchase, Roger Argyle must therefore rely on events occurring after 1961 to establish mutual acquiescence. The narrow issue presented is whether the failure of the Joneses to object to the forty-year occupation of the disputed property by Roger Argyle and his predecessors is sufficient to establish acquiescence.[4] Whether a landowner's inaction alone is sufficient to establish acquiescence was discussed in *Glenn v. Whitney*, 116 Utah 267, 209 P.2d 257 (1949). In *Glenn*, the Utah Supreme Court specifically held that "[t]he mere fact that a fence happens to be put up and neither party does anything about it for a long period of time will not establish it as the true boundary." 209 P.2d at 260; *see also Hales v. Frakes*, 600 P.2d 556, 559 (Utah 1979) ("[P]laintiff's occupation to the fence without interference was not sufficient to establish defendant's acquiescence in the fence as a boundary.").

■ ¶ 14 Thus, to establish acquiescence, Roger Argyle was required to show more than inaction on the part of the Joneses. However, at trial, Roger Argyle presented no evidence of affirmative actions taken by the Joneses after 1961 that would suggest that they acquiesced in the fence as the boundary line. *See, e.g., Van Dyke v. Chappell*, 818 P.2d 1023, 1027 (Utah 1991) (noting that the defendants' offers to purchase disputed property from the plaintiff was evidence of the defendants' acquiescence).

¶ 15 Moreover, the district court's findings reveal several facts that are highly suggestive of the Joneses' non-acquiescence. The district court found that the Joneses had "minimal" contact with the disputed property for the purpose of maintaining a well located near the southwest boundary. Such activity,

however minimal, is not consistent with acquiescence. *See Ault*, 2002 UT 33 at ¶ 20, 44 P.3d 781 (holding that the record owner of property need not take legal action against a non-owner occupier to maintain legal rights in the property; rather "[t]hey must only take some action manifesting that they do not acquiesce or recognize the particular line . . . as a boundary"). Also significant is the Joneses' knowledge of the true boundary and subsequent purchase of the disputed property. *See Wilkinson Family Farm, LLC v. Babcock*, 1999 UT App 366,¶¶ 12–13, 993 P.2d 229 (noting that knowledge of the record boundary "may take [a] dispute out of the reach of boundary by acquiescence"); *Nunley v. Walker*, 13 Utah 2d 105, 369 P.2d 117, 122 (1962) ("[I]f there is no uncertainty as to the location of the true boundary line the parties may not, knowing where the true boundary line is, establish a boundary line by acquiescence at another place."). In addition, the Joneses have consistently paid taxes on the property since purchasing it in 1961. The knowing payment of taxes on the disputed property, like the maintenance of the well, is inconsistent with acquiescence. Thus, as a matter of law, the district court erred in ruling that Roger Argyle had met his burden to show mutual acquiescence.

## II. Attorney Fees

■ ¶ 16 A district court's decision to award attorney fees is a question of law that this court reviews for correctness. *See Ault v. Holden*, 2002 UT 33,¶ 46, 44 P.3d 781. "In Utah, attorney fees are typically awarded only pursuant to statute or contract." *See id.* at ¶ 47. Utah Code section 78–27–56(1) provides for the award of attorney fees to the "prevailing party if the court determines that the action or defense to the action was without merit and not brought or asserted in

---

observed that *once established,* a boundary by acquiescence cannot be destroyed by a party *later* discovering the true record boundary. *See RHN Corp. v. Veibell*, 2004 UT 60,¶ 31, 96 P.3d 935. However, a boundary by acquiescence is not *established* until the occupation and mutual acquiescence requirements have been met for a period of at least twenty years. *See Ault v. Holden*, 2002 UT 33,¶ 23, 44 P.3d 781. Thus, action taken by the parties prior to the lapse of twenty years, such as ascertaining the true record

boundary, can indeed destroy mutual acquiescence.

4. Because this case involves a review of the district court's legal conclusions only, this court gives deference to the district court's factual findings. Accordingly, this analysis assumes that Sterling Jones neither informed Charles Argyle of the true ownership status of the disputed property nor granted the Argyles permission to use the property.

good faith." Utah Code Ann. § 78–27–56(1) (2002).

¶ 17 The district court awarded attorney fees to Roger Argyle after the Joneses filed a motion pursuant to rule 52(b) of the Utah Rules of Civil Procedure. However, the award of attorney fees must be reversed because, given the district court's erroneous determination of the mutual acquiescence issue, Roger Argyle is "no longer the prevailing party." *Ault,* 2002 UT 33 at ¶ 48.

## CONCLUSION

¶ 18 The district court erred in quieting title to the disputed property in favor of Roger Argyle under the doctrine of boundary by acquiescence. The district court's findings of fact establish that Roger Argyle only proved that his occupation and that of his predecessors was met with silence by the Joneses. The "occupation to the fence without interference [is] not sufficient to establish [the Joneses'] acquiescence in the fence as a boundary." *Hales v. Frakes,* 600 P.2d 556, 559 (Utah 1979). Moreover, because Roger Argyle is not the prevailing party, an award of attorney fees is not warranted. *See Ault v. Holden,* 2002 UT 33,¶ 48, 44 P.3d 781.

¶ 19 Accordingly, we reverse the district court's judgment and remand for further proceedings not inconsistent with this opinion.

¶ 20 WE CONCUR: JUDITH M. BILLINGS, Presiding Judge, and GREGORY K. ORME, Judge.